## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Solaright Lighting, LLC,<br>an Oklahoma limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Lux Solar, Inc.,<br>a Florida corporation; and<br>Wael Majdalawi, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. <u>16-1012-W</u><br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1.     Plaintiff, Solaright Lighting, LLC ("SolaRight"), for its causes of action against Defendants, Lux Solar, Inc.  ("Lux Solar") and Wael Majdalawi ("Majdalawi") (collectively, "Defendants"), alleges and states as follows:

## NATURE OF ACTION

2.     This is an action for injunctive relief and monetary damages arising out of Defendants' trademark infringement, unfair competition and deceptive and unfair trade practices.

## PARTIES, JURISDICTION & VENUE

3.     SolaRight is an Oklahoma limited liability company having a principal place of business at 5600 N. May, Suite 100, Oklahoma City, Oklahoma, 73112.

4.     Upon information and belief, Lux Solar is a Florida corporation having its principle place of business at 10891 La Reina Rd., Delray Beach, Florida, 33446.

5.      Upon information and belief, Majdalawi is an individual residing in Delray Beach, Florida.

6.      The Court has subject matter jurisdiction in this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because it arises under the Lanham Act, 15 U.S.C. § 1052 *et. seq.*  Jurisdiction over the state law causes of action are proper under 28 U.S.C. § 1338(b) and § 1367(a) because they are joined with substantial and related claims under the federal Lanham Act and/or are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7.      This Court has personal jurisdiction over Defendants because maintaining this action in Oklahoma will not offend traditional notions of fair play and substantial justice and/or Defendants have committed one or more tort(s) underlying this action in whole or in part within Oklahoma.

8.      Venue is appropriate pursuant to 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims and the actual harm to SolaRight occurred in this District.

## FACTUAL BACKGROUND

### I.      SolaRight, Lux Solar and Solarcap Infinity.

9.      SolaRight is an Oklahoma company that manufactures and sells solar lighting products for commercial, industrial and governmental use.

10.      Lux Solar is a business that advertises and sells solar lighting products in competition with SolaRight.

11.     Upon information and belief, Majdalawi is Lux Solar's sole owner and/or president.

12.     Upon information and belief, Defendants control the website which originates from the domain <<<lux-solar.com>>> ("Defendants' Website"), which is viewable by IP addresses originating in the State of Oklahoma and this District, and on which Defendants offer their solar lighting products.

13.     Solarcap Infinity ("Infinity") is a Korean national company which manufactures and sells solar lighting products worldwide, and is the company from which SolaRight acquired the intellectual property rights, patents, trademarks and other product rights upon which SolaRight's products are based.

14.     Prior to SolaRight's formation and existence, Lux Solar and Infinity had a business relationship under which Lux Solar distributed a portion of Infinity's solar lighting product line.

**II.     SolaRight's Promotion and Sale of Solar Lighting Products.**

15.     As a result of its acquisitions, SolaRight is now the exclusive owner, manufacturer and distributer of its SolaRight products within the United States and abroad.

16.     Infinity continues to manufacture and sell its product line in Korea and Asia under license from SolaRight.

17.     SolaRight sells its lighting products under the well-known model names and trademarks, YH-DD1 and YH-YS, which marks are owned by SolaRight and have

been used by SolaRight and its predecessor(s)-in-interest in commerce in connection with solar lighting products since at least as early as 2006 (the "SolaRight Trademarks").

18.    SolaRight has incorporated the SolaRight Trademarks throughout its business and in connection with advertisements for the same, including, but not limited to, use of the same on its website located at <<<solaright.com>>> ("Solaright's Website"), advertising and promotional pieces, and in sales presentations throughout the United States, including in this District.

19.    Due to the widespread and extensive use of the SolaRight Trademarks by SolaRight and its predecessor(s)-in-interest, strict control over the nature and quality of the goods and services provided therewith, and extensive advertising and promotional activities and substantial sales as a result thereof, SolaRight and its predecessor(s)-in-interest have created an excellent reputation and valuable goodwill in the SolaRight Trademarks, which are established in the minds of consumers as designating SolaRight as the source of the goods provided therewith.

## III.   Defendants' Deceptive Acts and Wrongful Appropriation of SolaRight's Intellectual Property.

20.    Prior to, and continuing after SolaRight acquired product ownership and intellectual property rights from Infinity, SolaRight approached Lux Solar regarding a potential distributorship relationship regarding SolaRight products.

21.    On or about March 3, 2015, Majdalawi and other key executives, on behalf of Lux Solar, traveled to Oklahoma City, Oklahoma and met face to face with SolaRight principals and owners about a possible business relationship between the companies.

22.     Over the next few months, the parties held continuous and ongoing discussions about such a relationship.

23.     The parties could not come to an agreement regarding the specific terms of their proposed business relationship, and the discussions were eventually terminated by mutual consent.

24.     Upon the realization that the parties could not come to terms regarding a business agreement, SolaRight specifically demanded in writing that Defendants immediately cease and desist selling SolaRight products and using SolaRight property in connection with the sale of solar lighting products, including the SolaRight Trademarks.

25.     Defendants refused and continued to offer solar lighting products that are in direct competition with SolaRight's products under the SolaRight Trademarks and/or marks confusingly similar thereto (the "Infringing Products").

26.     Defendants offer their Infringing Products through, among other things, Defendants' Website.

27.     In addition to unpermitted use of the SolaRight Trademarks, Defendants appear to be using other intellectual property and information belonging to SolaRight.

28.     Specifications for the SolaRight products sold under the SolaRight Trademarks are attached as Exhibit 1.

29.     Specifications for the Infringing Products sold under the SolaRight Trademarks are attached as Exhibit 2.

30.     A comparison of Exhibits 1 and 2 shows that the Infringing Products have specifications that are nearly identical to the SolaRight products and are offered under the SolaRight Trademarks and/or marks confusingly similar thereto.

31.     Upon information and belief, Defendants used SolaRight specifications and/or information therein to create the Lux Solar specifications shown by Exhibit 2.

32.     Upon information and belief, Lux Solar used images found on SolaRight's Website for Defendants' Website.

33.     The Infringing Products are in direct competition with SolaRight's and sold under trademarks identical to SolaRight's.

34.     Upon information and belief, Defendants target their marketing and advertising of products sold under the SolaRight Trademarks to the same prospective customers as SolaRight.

35.     Upon information and belief, Defendants have intentionally adopted the SolaRight Trademarks, images from the SolaRight website, and specifications for SolaRight products to trade off of the goodwill associated with the SolaRight Trademarks and to pass its goods off as SolaRight's to sell goods in competition with SolaRight to the same prospective customers using the same channels of trade as SolaRight.

36.     Use of the SolaRight Trademarks and marks confusingly similar thereto by Lux Solar has caused actual confusion among prospective customers.

37.     Defendants' Website continues to refer to SolaRight product installations throughout the United States, implying that such installations are the result of and/or are related to Defendants, causing consumer confusion in the marketplace.

38.     Upon information and belief, Majdalawi personally participated in, directed and/or controlled the aforementioned acts of Lux Solar, including, without limitation, infringement of the SolaRight Trademarks, use of SolaRight specifications, and reference to SolaRight installations on Defendants' Website.

39.     Defendants have purposefully directed unlawful activities into Oklahoma and this District and/or know their actions will harm SolaRight in this District, including, without limitation, offers to sell products using the SolaRight Marks to commercial, industrial and/or governmental entities located in this State and/or District.

40.     SolaRight has contacted Defendants and demanded, *inter alia,* that Defendants cease and desist from their aforementioned unlawful actions.

41.     Despite SolaRight's demands, Defendants' unlawful actions have continued.

42.     Defendants' actions have caused SolaRight damages in an amount to be determined at trial, but currently estimated to be in excess of One Hundred Thousand Dollars ($100,000).

## COUNT I
## UNFAIR COMPETITION/ FALSE ADVERTISING/
## FALSE DESIGNATION OF ORIGIN

43.     SolaRight re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

44.     Lux Solar's use of the SolaRight Trademarks and marks confusingly similar to the SolaRight Trademarks is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and sponsorship of Lux Solar and Lux Solar's goods

and services and to mislead the public into believing that Lux Solar's goods and services are affiliated, connected, or associated with SolaRight and/or originate from, are sponsored by, are endorsed by, or are somehow approved by SolaRight.

45.    Upon information and belief, Majdalawi participated in, directed and/or controlled the aforementioned acts of Lux Solar; as a result, Majdalawi is individually liable for the same.

46.    Defendants' acts constitute a false designation of origin, false description, and false representation that the goods and services provided by Defendants originate from, are sponsored, approved, and/or authorized by SolaRight, and is likely to cause confusion, or to cause mistake, and/or to deceive in violation of 15 U.S.C. § 1125(a).

47.    As a result of Defendants' unlawful conduct, and because of the likelihood of confusion engendered by Defendants, SolaRight has been and will continue to be damaged in an amount to be determined at trial.

48.    SolaRight is entitled to an award of its damages, as well as Defendants' profits, and, upon information and belief, Defendants' actions are and have been in bad faith, willful and/or conscious or reckless disregard of SolaRight's rights, such that this is an exceptional case for which SolaRight is entitled to exemplary damages and attorneys' fees in accordance with 15 U.S.C. § 1117.

49.    Defendants' activities have caused and will cause irreparable harm to SolaRight for which SolaRight has no remedy at law in that, if Defendants' wrongful conduct continues, customers and others are likely to become further confused as to the source of the goods and services provided by Defendants, and any infringement by

Defendants constitutes an interference with SolaRight's goodwill and customer relationships. As a result, SolaRight is entitled to an injunction prohibiting Defendants' use of the SolaRight Trademarks and any designation confusingly thereto.

<u>COUNT II</u>
**DECEPTIVE TRADE PRACTICES**

50.     SolaRight re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

51.     Defendants have, in the course of business, and through the above-described acts, willfully and falsely associated Defendants' goods and services with SolaRight in violation of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51 *et seq*.

52.     Upon information and belief, Majdalawi participated in, directed and/or controlled the aforementioned acts of Lux Solar; as a result, Majdalawi is individually liable for the same.

53.     As a result of Defendants' unlawful conduct, SolaRight has been and will continue to be damaged in an amount to be determined at trial.

54.     SolaRight is entitled to an award of its damages, as well as Defendants' profits, and, upon information and belief, Defendants' actions are and have been in bad faith, willful and/or conscious or reckless disregard of SolaRight's rights, such that SolaRight is entitled to exemplary damages and attorneys' fees.

55.     Defendants' activities have caused and will cause irreparable harm to SolaRight for which SolaRight has no remedy at law in that, if Defendants' wrongful

conduct continues, customers and others are likely to become further confused as to the source of the goods and services provided by Defendants, and any infringement by Defendants constitutes an interference with SolaRight's goodwill and customer relationships.  As a result, SolaRight is entitled to an injunction prohibiting Defendants' deceptive trade practices.

## COUNT III
## COMMON LAW INFRINGEMENT

56.    SolaRight re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

57.    This claim is brought under the common law of the State of Oklahoma for trademark infringement.

58.    Lux Solar, without authorization from SolaRight, has used and continues to use the SolaRight Trademarks and marks confusingly similar thereto.

59.    Upon information and belief, Majdalawi participated in, directed and/or controlled the aforementioned acts of Lux Solar; as a result, Majdalawi is individually liable for the same.

60.    Defendants' use of the SolaRight Trademarks and marks confusingly similar thereto is likely to cause confusion, or to cause mistake, and/or to deceive actual and/or prospective customers into believing that the goods and services provided by Defendants originate from, are sponsored, approved, and/or authorized by SolaRight in violation of Oklahoma common law.

61.     As a result of Defendants' unlawful conduct, and because of the likelihood of confusion engendered by Defendants, SolaRight has been and will continue to be damaged in an amount to be determined at trial.

62.     SolaRight is entitled to an award of its damages, as well as Defendants' profits, and, upon information and belief, Defendants' actions are and have been in bad faith, willful and/or conscious or reckless disregard of SolaRight's rights, such that SolaRight is entitled to exemplary damages.

63.     Defendants' activities have caused and will cause irreparable harm to SolaRight for which SolaRight has no remedy at law in that, if Defendants' wrongful conduct continues, customers and others are likely to become further confused as to the source of the goods and services provided by Defendants, and any infringement by Defendants constitutes an interference with SolaRight's goodwill and customer relationships.  As a result, SolaRight is entitled to an injunction prohibiting Defendants' use of the SolaRight Trademarks and any designation confusingly thereto.

## COUNT IV
## COUNTERFEIT TRADEMARK

64.     SolaRight re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

65.     The SolaRight Trademarks constitute protectable intellectual property under Oklahoma's Trademark Anti-Counterfeiting Act, 21 Okla. Stat. § 1990 *et seq.*

66.     Lux Solar, without authorization from SolaRight, has used and continues to use the SolaRight Trademarks and marks confusingly similar thereto.

67.     Upon information and belief, Majdalawi personally participated in, directed and/or controlled the aforementioned acts of Lux Solar; as a result, Majdalawi is individually liable for the same.

68.     Defendants' aforementioned unpermitted use, reproduction and/or copying of SolaRight's intellectual property constitutes use of one or more counterfeit marks in violation of Oklahoma's Trademark Anti-Counterfeiting Act.

69.     Defendants' aforementioned acts have caused and will cause SolaRight to sustain injury, loss, and damage.

70.     As a result of Defendants' unlawful conduct, SolaRight has been and will continue to be damaged in an amount to be determined at trial.

71.     SolaRight is entitled to its actual damages caused by Defendants' violation of Oklahoma's Trademark Anti-Counterfeiting Act in an amount to be proven at trial, treble damages, the costs of suit, and an award of its attorney fees.

72.     Defendants' activities have caused and will cause irreparable harm to SolaRight for which SolaRight has no remedy at law in that, if Defendants' wrongful conduct continues, customers and others are likely to become further confused as to the source of the goods and services provided by Defendants, and any infringement by Defendants constitutes an interference with SolaRight's goodwill and customer relationships.  As a result, SolaRight is entitled to an injunction prohibiting Defendants' use of counterfeit marks in violation of Oklahoma law.

## COUNT V
## UNJUST ENRICHMENT

73. SolaRight re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

74. Defendants have been unjustly enriched by the use of SolaRight's resources and property.

75. SolaRight is entitled to recover against Defendants for the reasonable value of the benefits derived by Defendants for their wrongful conduct in an amount to be proven at trial.

76. Defendants should not be allowed to continue using wrongfully obtained resources and property of SolaRight, consequently, SolaRight is entitled to an injunction restraining Defendants from further use of the same, as well as future sales and use of any product which incorporate, in whole or in part, or arise out of use of SolaRight's resources and property.

## COUNT VI
## UNFAIR COMPETITION

77. SolaRight re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

78. The foregoing acts of Defendants permit Defendants to benefit from the goodwill and property of SolaRight and to obtain access to customers and sales from which Defendants would not otherwise benefit.

79. By, *inter alia*, using marks confusingly similar and identical to the SolaRight Trademarks and passing off Defendants' goods as SolaRight's, Defendants are

unfairly competing with SolaRight in violation of the common law of the State of Oklahoma, which has caused and will continue to cause SolaRight damage in an amount to be determined at trial.

80.     SolaRight is entitled to an award of its damages, and, upon information and belief, Defendants' actions are and have been in bad faith, willful and/or conscious or reckless disregard of SolaRight's rights, such that SolaRight is entitled to exemplary damages.

81.     Defendants' activities have caused and will cause irreparable harm to SolaRight for which SolaRight has no remedy at law in that, if Defendants' wrongful conduct continues, customers and others are likely to become further confused as to the source of the goods and services provided by Defendants, and any infringement by Defendants constitutes an interference with SolaRight's goodwill and customer relationships.  As a result, SolaRight is entitled to an injunction prohibiting Defendants' unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, SolaRight requests that the Court enter judgment in its favor as follows:

A.     Judgment be entered in favor of SolaRight against each of the Defendants as to each of the above counts;

B.     Defendants, their respective officers, agents, servants, employees, successors and assigns, and all persons acting in concert or participation with them, be permanently enjoined from using the SolaRight Trademarks and/or any trademarks or

designations of source confusingly similar to the SolaRight Trademarks in any form, and be permanently enjoined from any and all other conduct which is likely to cause confusion or to cause a mistake or deceive as to affiliation, connection or association among Lux Solar with SolaRight and/or as to the origin, sponsorship or approval of Defendants' goods by SolaRight;

C.     Defendants be ordered to undergo corrective advertising and all other reasonable measures to ensure and remedy any actual or potential confusion amongst consumers caused by Defendants' unlawful acts;

D.     Defendants, together with its officers, directors, agents, employees, representatives, and all persons acting in concert with Lux Solar, be enjoined from selling products which incorporate, in whole or in part, SolaRight property or information;

E.     Defendants, together with their officers, directors, agents, employees, representatives, and all persons acting in concert with Defendants, be enjoined from engaging in further acts in violation of the Oklahoma Deceptive Trade Practices Act as well as acts that constitute unfair competition, unjust enrichment, and/or tortious interference;

F.     Defendants be ordered to pay the damages incurred by SolaRight as described above and forfeit all profits gained from Defendants' wrongful acts descripted herein and to be proven at trial;

G.     Defendants be ordered to pay all of SolaRight's costs and reasonable attorneys' fees as well as exemplary damages; and

H.    SolaRight be granted all other legal and equitable relief as this Court may deem appropriate and just.

Respectfully submitted,


*s/Zachary A.P. Oubre*
Zachary A.P. Oubre, OBA #30666
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102
Telephone:   (405) 235-9621
Facsimile:     (405) 235-0439
zach.oubre@mcafeetaft.com

**ATTORNEYS FOR PLAINTIFF**


**JURY TRIAL DEMANDED**