# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SOLARIGHT LIGHTING, LLC, an Oklahoma limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. CIV-16-1012-HE |
| LUX SOLAR, INC. a Florida corporation; and WAEL MAJDALAWI, an individual | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Solaright Lighting, LLC ("SolaRight") filed this action against defendants Lux Solar, Inc. ("Lux") and Wael Majdalawi, asserting trademark infringement and similar claims under federal and state law. Defendants moved to dismiss the complaint for lack of personal jurisdiction or, alternatively, for transfer of the case to a federal district court in Florida [Doc. #19]. The court held an evidentiary hearing on the motion on January 5, 2017. Having considered the parties' submissions at the hearing and otherwise, the court concludes plaintiff has not established a basis for personal jurisdiction over the defendants in this court.

## Background

The complaint alleges that SolaRight is the exclusive owner, manufacturer, and distributor of SolaRight solar lighting products. At some point, SolaRight and Lux discussed a potential distributorship relationship between the two companies. On March 3, 2015, Majdalawi and other Lux executives traveled to Oklahoma City, Oklahoma, at plaintiff's invitation, to meet with SolaRight executives about the possible business

relationship. Although the parties discussed the matter for a period of time, they did not ultimately reach an agreement. SolaRight then demanded that Lux no longer sell SolaRight products or use its trademarks in connection with the sale of solar lighting products. Defendants continued to sell certain SolaRight products, relying at least in part on an earlier agreement defendants had with SolaRight's predecessor.

SolaRight alleges that Lux offers the allegedly infringing products through the Lux website, using specifications and images taken from SolaRight's website. SolaRight asserts that defendants have directed their activities into Oklahoma through their various dealings with plaintiff and by seeking to sell the products to a customer in Oklahoma, specifically the Oklahoma Department of Transportation ("ODOT").

## Analysis

Defendants assert this court lacks *in personam* jurisdiction over them. Whether personal jurisdiction exists in a federal question case involves two questions: "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.'" Klein v. Cornelius, 786 F.3d 1310, 1317 (10th Cir. 2015) (quoting Peay v. BellSouth Med. Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000)). Because the Lanham Act, which plaintiff cites as the basis for its federal claims, does not authorize nationwide service, Fed.R.Civ.P. 4(k)(1)(A) refers the court to Oklahoma's long-arm statute, which is co-extensive with the limits of the Due Process Clause. Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006); 12 OKLA. STAT. § 2004(F). Due process is not offended by the exercise of jurisdiction over a nonresident defendant so

long as that defendant has "'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir.2008) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Whether a nonresident individual or company has the necessary minimum contacts with the forum state is decided on the particular facts of each case and plaintiff has the burden of establishing personal jurisdiction. Id. at 1069. When jurisdictional facts are disputed, the plaintiff must prove those facts by a preponderance of the evidence. Dennis Garberg & Associates, Inc. v. Pack-Tech Intern. Corp., 115 F.3d 767, 773 (10th Cir. 1997); see also Dudnikov, 514 F.3d at 1070 n.4 ("when personal jurisdiction is assessed in an evidentiary hearing . . . the plaintiff must generally establish, by a preponderance of the evidence, that personal jurisdiction exists").

A court may exercise either general or specific jurisdiction over a defendant. "General jurisdiction is based on an out-of-state defendant's 'continuous and systematic' contacts with the forum state, and does not require that the claim be related to those contacts." Dudnikov, 514 F.3d at 1078. (internal citation and quotations marks omitted). Specific jurisdiction depends "on the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014). Here, SolaRight does not assert that general jurisdiction exists, but relies instead on specific jurisdiction.

Because a trademark infringement claim is in the nature of a tort claim, the court must "consider 'whether the nonresident defendant "purposefully directed" its activities at the forum state.'" Anzures v. Flagship Rest. Grp., 819 F.3d 1277, 1280 (10th Cir.

3

2016) (quoting Dudnikov, 514 F.3d at 1071). "[P]urposeful direction exists when there is 'an intentional action . . . expressly aimed at the forum state . . . with [the] knowledge that the brunt of the injury would be felt in the forum state.'" *Id.* (quoting Dudnikov, 514 F.3d at 1072). A plaintiff's injuries also must "'arise out of' [the] defendant's forum-related activities." Dudnikov, 514 F.3d at 1071 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472(1985)). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Walden, 134 S. Ct. at 1121 (emphasis in original).

SolaRight relies on five facts or circumstances as the basis for its claim that the necessary minimum contacts exist between defendants and Oklahoma: (1) that defendants knew that SolaRight was an Oklahoma company, (2) that Lux executives, including Majdalawi, traveled to Oklahoma to meet with SolaRight executives, (3) that the parties negotiated for a potential business relationship, and then exchanged letters regarding claimed trademark violations, (4) that defendants previously entered into a contractual relationship with SolaRight's predecessor, NextGen, to sell the subject products, and (5) that defendants attempted to sell their products to the ODOT. The court concludes that these contacts are insufficient to show the minimum contacts necessary to the exercise of personal jurisdiction over defendants based on the evidence presented.

Defendants' knowledge that SolaRight was an Oklahoma company does not, by itself, establish specific jurisdiction. SolaRight essentially argues that Dudnikov is to the contrary, and that knowledge that the harm of an act would be felt in Oklahoma is enough. But Dudnikov does not go that far. In Dudnikov, the defendants sent trademark

4

infringement notices to eBay in order to shut down the plaintiff's eBay account. The plaintiffs alleged that defendants knew they were based in Colorado, and therefore when they sent the notice to eBay they did so "with the ultimate purpose of cancelling plaintiffs' auction site in Colorado." *Id*. at 1077. The Tenth Circuit concluded that Colorado did have personal jurisdiction over the defendants, relying on the fact the defendants there specifically sought to shut down the plaintiff's auction in Colorado. But the Court also explicitly rejected the suggestion that the foreseeability of an injury in the forum state, by itself, was enough to establish specific jurisdiction. Citing Calder, it stated that there must also be a showing that defendant's intentional actions were expressly aimed at the forum state. *Id*.

Here, plaintiff has made no such showing. Defendants knew they were dealing with an Oklahoma company and could no doubt foresee that any actions they took would have an impact on an Oklahoma company. But plaintiffs have shown nothing beyond that such as would establish that defendants' actions were aimed at Oklahoma.

The single meeting between executives in Oklahoma City does not suggest the contrary. The evidence established that the meeting was initiated by plaintiff and that defendants came to Oklahoma at the invitation of plaintiff. Those circumstances do not suggest that defendants were expressly aiming their efforts at Oklahoma. Rather, the hearing evidence suggests that defendants' focus was Florida and their distribution and other activities in that state. Further, Florida appears to have been the focus of the relationship with the predecessor entity, NextGen.

5

Similarly, the evidence as to phone calls and emails does not suggest some focus on Oklahoma. But for the fortuity of plaintiff's representatives being based in Oklahoma, the same contacts and negotiations as occurred between these parties could have occurred anywhere. Further, it is "well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts." Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1077 (10th Cir. 1995).

Plaintiff's allegation in its initial submissions that defendants were seeking to sell the subject products to the Oklahoma Department of Transportation had the potential to be a significant, and potentially determinative, contact with Oklahoma. But the hearing testimony ultimately suggested something else. Mr. Majdalawi's unchallenged testimony was that a single meeting with ODOT occurred in August 2014, at a time when defendant Lux was not even in existence. Further, Mr. Majdalawi attended himself only to assist with the presentation to ODOT of NextGen, plaintiff's predecessor company. There is no evidence that he sought to sell anything for his own account, or that he was somehow acting for the company he eventually established some time later.

In short, the few contacts that defendants had with Oklahoma were only the sort of "random, fortuitous, or attenuated" contacts that are insufficient for jurisdiction. Burger King, 471 U.S. at 475. They did not reflect actions that were focused on Oklahoma. As a result, the court concludes plaintiff's evidence as to defendants' suit-related conduct does not establish the necessary "substantial connection with the forum State." Walden, 134 S. Ct. at 1121.

6

Conclusion

Defendant's motion to dismiss [Doc. #19] is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction over the defendants. Judgment will enter accordingly.

**IT IS SO ORDERED**

Dated this 12th day of January, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE